PEOPLE *ex rel.* CUNNINGHAM *v.* ROBB *et al.*, Park Commissioners.

(*Supreme Court, General Term, First Department.* June 26, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN.

The dismissal of a policeman on a charge of being on a certain occasion so much affected by the habitual use of alcoholic drinks as to be unfit for duty will not be disturbed on *certiorari*, though relator was not actually intoxicated on the morning in question, where there is sufficient evidence to show that his peculiar condition was due to chronic alcoholism.

*Certiorari* to review the action of the board of park commissioners of the city of New York in dismissing relator, Michael E. Cunningham, from the police force of the department of public parks.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*A. H. Purdy*, for relator. *G. S. Coleman*, for respondents.

VAN BRUNT, P. J. There have been many cases brought to this court for review where policemen have been dismissed from the force upon the charge of incapacity for duty because of drinking, but this is the first instance in which a relator has presented a case to the court where he has been discharged for incapacity to do duty because he had not taken a drink. The relator was duly served with a notice whereby he was charged with improper conduct, and with conduct unbecoming an officer, the specification being that he was, on a day therein mentioned, so much affected by the habitual use of alcoholic drinks as to be unfit to perform his duties, and that he was guilty of unbecoming conduct, the cause of which was that he was suffering from chronic alcoholism. It appears from the evidence that upon the day in question the relator could not maintain his position in the ranks, and that he was asked by the sergeant what was the matter, and the relator told him he had a pain, indicating that it was in his side; that the sergeant ordered the relator from the ranks to take a seat, subsequent to which the relator seemed to be all right, and afterwards he was sent on post. The sergeant testified that his condition in the ranks seemed to be that of a man about to have an epileptic fit; that he seemed all broken up from the hips up, but good enough in the legs. The evidence of the relator was that he was up all night the night before the parade, going from station-house to station-house looking for a child that was lost; that his wife was sick, and that he had had no breakfast; that he had reported for duty at 6 o'clock, and was nervous on account of his uncertainty as to his child, but otherwise was as well as ever; that he had a pain across his back like a knife going through it, and that the pain went away shortly after he stepped out of the ranks. The police surgeon who examined the relator upon the day in question testified that he was directed to make an examination of the officer to find out whether he was under the influence of liquor or not. The officer was then on post. He was sent for, and when he came in the surgeon informed him that he had been directed to examine him. He made the examination, and found that although he was suffering from what he considered to be chronic alcoholism, he was in a condition to enter upon his duty. His condition was such that he was not justified in saying that he was intoxicated. It was not an acute case of alcoholism, but his condition was due to the long-continued use of alcoholic stimulants. He was further asked whether the conduct of the relator before his removal from the ranks might have been due to chronic alcoholism, to which he responded that he would not pretend to say, because he didn't see him at that time, but from what he had heard he should say it might possibly have

been due to the fact of long-continued drinking. Upon the close of the oral testimony counsel for the relator suggested that the defendant be examined by an expert physician, and that such physician give his opinion as to whether the defendant was a sufferer from chronic alcoholism. It was so ordered, and the case was adjourned until such examination was made. He was examined by Dr. Hamilton, who reported that he was suffering, in his opinion, from chronic alcoholism, and his breath indicated that he had recently imbibed; that his physical condition was then such that if his habit continued it was only a question of time when he would be incapacitated for police duty. Upon this evidence the relator was dismissed, and we see no reason to interfere with the determination of the commissioners. There was sufficient evidence from which the commissioners might come to the conclusion that his peculiar condition on the morning in question arose from the effects of his indulgence in alcoholic liquors. It was not necessary that it should result from intoxication then present. If his habits were such that they rendered him liable to be unfit for duty, and such a result arrived, it was within the power of the commissioners to administer discipline therefor. With the extent of the discipline we have nothing to do. It was a matter within the discretion of the commissioners, and if we had the power, in the case at bar, we do not think that it should be interfered with. A person who has, by the constant use of alcoholic drinks, gotten into the condition in which the relator evidently was on the morning in question, does not seem to be a proper person to be upon any police force. The proceedings should be affirmed, and the writ dismissed, with costs. All concur.